IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CIVIL CASE NO. _____

FRONTIER DEVELOPMENT, LLC,

Plaintiff,

v.

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY,

Defendant.

_____/

## DEFENDANT ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Endurance American Specialty Insurance Company ("Endurance") hereby removes this action from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami-Dade Division. In support of this Notice of Removal, Endurance states as follows:

### I.   INTRODUCTION

1.

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Complete diversity of citizenship exists between Plaintiff, a citizen of the state of Florida, and Endurance, a citizen of the states of Delaware and New York. The amount in controversy is met.

2.

Plaintiff Frontier Development, LLC ("Plaintiff") filed a Complaint against Endurance in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida styled *Frontier*

*Development, LLC v. Endurance American Specialty Insurance Company*, Case No. 2021-000819-CA-01 ("State Court Action") on January 21, 2021.

3.

Endurance removes the State Court Action to the Southern District of Florida, Miami-Dade Division because this Court embraces the place where the State Court Action is pending, the Eleventh Judicial Circuit in and for Miami-Dade County, Florida

4.

A true and correct copy of each pleading is attached hereto as **Exhibit 1.**

5.

In the State Court Action, Plaintiff seeks insurance proceeds from Endurance related to COVID-19 pursuant to a Commercial Property Policy bearing Policy Number MPR30000603002 ("Policy") which was attached to the Complaint as Exhibit A. The Policy is subject to a Policy limit of $100,000,000 per occurrence along with its remaining terms. Plaintiff alleges it is entitled to insurance coverage under various provisions of the Policy.

6.

In the Complaint, Plaintiff alleges six causes of action: (1) Breach of Contract (Contingent Time Element) (Compl. p. 24) (2) Breach of Contract (Ingress and Egress) (Compl. p. 27) (3) Breach of Contract (Interruption by Civil or Military Authority) (Compl. p. 29) (4) Breach of Contract (Leasehold Interest) (Compl. p. 30) (5) Breach of Contract (Rental Value) (Compl. p. 32) and (6) Declaratory Judgment (Compl. p. 34).

7.

Plaintiff alleges that at least 39 local and state jurisdictions in which its covered properties are located, have implemented restrictions and closures in response to the COVID-19 pandemic and continue to do so to this day. (Compl. ¶¶ 73-74).

8.

Plaintiff further alleges that "A significant portion of Frontier's revenue and profits are derived from the rental income collected from its hundreds of commercial tenants in Florida and across the country." (Compl. ¶ 78). According to Plaintiff, "[t]hese commercial tenant locations are covered property under the aforementioned Policy." (Compl. ¶ 79).

9.

Plaintiff alleges that "upon information and belief, the COVID-19 virus was physically present, active on inert physical surfaces and/or emitted into the air at Frontier's commercial tenants' properties between March 8, 2020 and the present." (Compl. ¶ 82).

10.

"Due to the presence of COVID-19 both at Frontier's commercial tenants' properties and within one-mile of these properties, and the fact that COVID-19 caused directly physical loss or damage to property, many of these businesses were specifically ordered to be closed or shut down as non-essential business by local, state or federal officials." (Compl. ¶ 87).

11.

Plaintiff claims that the presence of COVID-19 has caused it to suffer "loss of actual rental value as result of the actual presence of COVID-19 at Frontier's commercial tenants' properties." (Compl. ¶ 91).

12.

Plaintiff alleges "these losses and expenses have continued through the date of filing of this action." (Compl. ¶ 93).

## GROUNDS FOR REMOVAL

13.

Endurance timely files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332 as the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

14.

Plaintiff is a Florida limited liability company with its principal place of business at 1801 S.W. 3rd Avenue, Suite 500, Miami, FL 33129. Each member of Plaintiff is also a citizen of Florida.

15.

Plaintiff has two members: Eric Gordon and James Leach.

16.

Member Eric Gordon is a citizen of Florida.

17.

Member James Leach is a citizen of Florida.

18.

Endurance is a Delaware corporation with its principal place of business in New York.

19.

The amount in controversy in this case exceeds $75,000. Although Plaintiff alleges only that "it seeks damages in excess of $30,000,00 exclusive of interest, costs and fees" to satisfy the

State Court Action's jurisdictional requirements, Plaintiff has alleged that it is entitled to coverage under five separate sections of the Policy for locations across the country. Moreover, Plaintiff seeks nonmonetary relief in the form of a declaratory judgment. Accordingly, Endurance asserts that the amount in controversy exceeds $75,000. (28 U.S.C. §1446(c)(2))

## NON-WAIVER OF DEFENSES

20.

By removing this action from state court Endurance does not admit any of the allegations in the Complaint, nor does Endurance waive any defenses available to it.

## TIMELINESS AND NOTICE

21.

Endurance has timely filed this notice of removal within 30 days after the receipt by Endurance, through service or otherwise, of the Complaint filed in the State Court Action. Endurance first received a copy of the Complaint against it on January 26, 2021.

22.

Pursuant to 28 U.S.C. § 1446(d), Endurance is providing counsel for Plaintiff with notice and a copy of this Notice of Removal, and Endurance is filing a copy of this Notice of Removal with the Clerk of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

23.

WHEREFORE Endurance removes this action from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami-Dade Division.

Respectfully submitted this 12th day of February, 2021

**CLYDE & CO US LLP**

*/s/ David Wagner*

David Wagner, Esq. / FBN 102611
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Tel: 305-446-2646/Fax: 305-441-237
Email: david.wagner@clydeco.us
Bob Fisher / *pro hac forthcoming*
GA Bar No. 261951
Jane Warring, Esq. / *pro hac forthcoming*
GA Bar No. 142696
271 17th Street; Suite 1720
Atlanta, GA 30363
Tel: 404-410-3150/Fax: 404-410-3151
Email: robert.fisher@clydeco.us
jane.warring@clydeco.us

*Attorneys for Endurance American Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I, David Wagner, do hereby certify that a true and correct copy of the above and foregoing has been filed with the Court on this day and a copy of same has been provided to counsel listed below via the Court's ECF system, United States Mail, and Email to the following counsel of record in the removed action:

Joshua Truppman, Esq.
Florida Bar No. 111795
Robert Visca, Esq.
Florida Bar No. 111800
Benjamin H. Brodsky, Esq.
Florida Bar No. 73748
BRODSKY FOTIU-WOJTOWICZ, PLLC
200 SE 1stStreet, Suite 400
Miami, Florida 33131
Tel: (305) 503-5054
bbrodsky@bfwlegal.com
joshua@bfwlegal.com
robert@bfwlegal.com
docketing@bfwlegal.com

Keith A. Truppman, Esq.
Florida Bar No. 473715
MINTZ TRUPPMAN, P.A.
1700 San Souci Blvd.
North Miami, FL 33181
Tel: (305) 893-5506
ktruppman@mintztruppman.com

*Attorneys for Plaintiff*

This 12th day of February, 2021.

*/s/ David Wagner*
David Wagner, Esq. / FBN 102611