UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-20611-GAYLES

**FRONTIER DEVELOPMENT, LLC**,

    Plaintiff,

v.

**ENDURANCE AMERICAN SPECIALTY INSURANCE CO.**,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** comes before the Court on Defendant Endurance American Specialty Insurance Company's Amended Motion to Dismiss (the "Motion") [ECF No. 8]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

**BACKGROUND**[1]

Plaintiff filed this action seeking coverage for business losses it incurred due to the COVID-19 pandemic. Plaintiff owns and leases several commercial properties throughout the United States. When local and state officials issued orders restricting public access to non-essential businesses and facilities, Plaintiff, like countless other businesses, lost revenue, including revenue generated from its tenants. As a result, on March 26, 2020, Plaintiff made a claim under its commercial insurance policy (the "Policy") issued by Defendant. To date, Defendant has not paid

---

[1] As the Court is proceeding on a Motion to Dismiss, it takes Plaintiff's allegations in the Amended Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

1

Plaintiff for the claim.

On January 21, 2021, Plaintiff filed this action against Defendant, alleging five counts for breach of the Policy and one count for declaratory relief. [ECF No. 1-1]. Perhaps recognizing that all of the relevant provisions of the Policy require a "direct physical loss or damage" to property, Plaintiff claims that the presence of COVID-19 in its properties caused a physical loss to the property. Specifically, Plaintiff alleges that state and local authorities restricted access to its properties "in response to dangerous physical conditions, physical loss and physical damage, including but not limited to the COVID-19 virus particle attaching to, living on and remaining active on inert physical surfaces and being emitted into the air, which thereby caused a suspension of business operations on the covered premises." [ECF No. 1-1, ¶ 89]. Plaintiff contends that the orders restricting access to its properties caused it to lose revenue and profits. In addition, Plaintiff alleges that the presence of COVID-19 in or nears its properties made them wholly or partially "untenantable". *Id.* ¶ 137.

On February 19, 2021, Defendant filed the instant Motion, arguing Plaintiff is not entitled to coverage under the Policy. In particular, Defendant argues that (1) Plaintiff fails to allege any direct physical loss or damage to its properties and, therefore, has not triggered any coverage under the Policy and (2) even if there were physical loss or damage, several exclusions preclude coverage.

**LEGAL STANDARD**

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While

a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## DISCUSSION

Defendant argues that Plaintiff fails to sufficiently allege "direct physical loss or damage" to its properties as to trigger coverage under the Policy. The Court agrees.[2]

"In insurance coverage cases under Florida law, courts look at the insurance policy as a whole and give every provision its 'full meaning and operative effect.'" *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004). "[I]nsurance contracts are construed according to their plain meaning," *Garcia v. Fed. Ins. Co.*, 473 F.3d 1131, 1135 (11th Cir. 2006) (citation omitted); that is, courts begin their analysis by looking at the "plain language of the policy, as bargained for by the parties," *Hyman v. Nationwide Mut. Fire Ins. Co.*, 304 F.3d 1179, 1186 (11th Cir. 2002) (citation omitted). Where coverage is in dispute, "an insured claiming under an all-risks policy has the burden of proving that the insured property suffered a loss while the policy was in effect." *Jones v. Federated Nat'l Ins. Co.*, 235 So. 3d 936, 941 (Fla. 4th DCA 2018). If the insured satisfies its burden, "[t]he burden then shifts to the insurer to prove that the cause of the loss was excluded from coverage under the policy's terms." *Id.* (citations omitted).

---

[2] Because the Court finds no coverage under the Policy, it does not address whether any of the exclusions apply.

It is undisputed that to trigger coverage under the relevant provisions of the Policy, Plaintiff must prove that there was "direct physical loss or damage" to its properties. Policy §§ V(D)(2), V(D)(7), V(D)(8), V(D)(9), V(D)(10), [ECF No. 1-1] .[3] Although the Policy does not define these terms, many courts "have found—both before and in response to the COVID-19 pandemic—that a direct physical loss contemplates an actual change in insured property then in a satisfactory state, occasioned by accident or other fortuitous event directly upon the property causing it to become unsatisfactory for future use or requiring that repairs be made to make it so." *Café La Trova LLC v. Aspen Specialty Ins. Co.*, No. 20-22055, 2021 WL 602585, at * 7 (S.D. Fla. Feb. 16, 2021) (quoting *Graspa Consulting, Inc. v. United Nat'l Ins. Co.*, No. 20-23245, 2021 WL 199980, at *5 (S.D. Fla. Jan. 20, 2021)). *See also*, *Mama Jo's Inc. v. Sparta Ins. Co.*, 823 F. App'x 868, 879 (11th Cir. 2020) ("A 'loss' is the diminution of value of something []."). Moreover, "direct physical" modifies both "loss" and "damage." Therefore, under the Policy, any "interruption in business must be caused by some *physical problem* with the covered property . . . ." *Malaube, LLC v. Greenwich Ins. Co.*, No. 20-CIV-22615, 2020 WL 5051581, at *7 (S.D. Fla. Aug. 26, 2020) (citation omitted).

On its face, the Complaint fails to allege coverage under the plain language of the Policy. Plaintiff alleges suspension of its or its tenants' operations, restricted access to its properties, and loss of income, but fails to allege a threshold requirement for coverage under the Policy: physical loss or damage to any of its properties. Stated differently, the Complaint fails to clearly articulate any actual physical loss. While Plaintiff argues that the presence of the COVID-19 virus in its properties constitutes physical loss or damage, this argument is not supported by the plain language of the Policy or Florida law.

---

[3] In its Response to the Motion to Dismiss, Plaintiff clearly acknowledges that the Policy "require[s] that Frontier allege 'direct physical loss or damage caused by a covered cause of loss to property.'" [ECF No. 23 at 10].

The Eleventh Circuit recently addressed allegations similar to those in this case in *Gilreath Family & Cosmetic Dentistry, Inc. v. Cincinnati Ins. Co.*, No. 21-11046, 2021 WL 3870697, *2 (11th Cir. Aug. 31, 2021). There, the plaintiff alleged that COVID-19 viral particles lingered in its office space. The Eleventh Circuit held that it did "not see how the presence of those particles would cause physical damage or loss to the property." *Id.* As a result, the plaintiff failed to state a claim for breach of a policy that mandated physical damage or loss.

Plaintiff's allegations, like those in *Gilreath*, provide the Court no reason to deviate from the prevailing consensus in this Circuit and others regarding business interruption claims arising from the COVID-19 pandemic. *See, e.g.*, *Café La Trova*, 2021 WL 602585, at *9 (the "virus's mere presence is insufficient to trigger coverage."); *Carrot Love, LLC v. Aspen Specialty Ins. Co.*, NO. 20-23586, 2021 124416, at *2 (S.D. Fla. Jan. 13, 2021) (adopting "the nearly unanimous view that COVID-19 does not cause direct physical loss or damage to property sufficient to trigger coverage" under insurance policy); *Hillcrest Optical, Inc. v. Cont'l Cas. Co.*, No. 1:20-CV-275-JB-B, 2020 WL 6163142, at *7 (S.D. Ala. Oct. 21, 2020) (dismissing the plaintiff's complaint because "Plaintiff's loss of usability did not result from an immediate occurrence which tangibly altered its property–the [statewide] Order [postponing all medical procedures] did not immediately cause some sort of tangible alteration to Plaintiff's office" and therefore did not constitute direct physical loss). Accordingly, Plaintiff's allegations, even if taken as true, do not plausibly show direct physical loss or damage to property sufficient to trigger coverage under the Policy.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Endurance American Specialty Insurance Company's Amended Motion to Dismiss (the "Motion") [ECF No. 8] is **GRANTED in part**.

2. Plaintiff's Complaint, [ECF No. 1-1], is **DISMISSED without prejudice**.

3.    This action is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida this 8th day of September, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE