# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 30, 2022

FILED BY __AP__ D.C.

Jun 30, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 21-13449-DD
Case Style: Frontier Development, LLC v. Endurance American Specialty Insurance Company
District Court Docket No: 1:21-cv-20611-DPG

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13449

_____

FRONTIER DEVELOPMENT, LLC,

                                                          Plaintiff-Appellant,

*versus*

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-20611-DPG

_____

JUDGMENT

ISSUED AS MANDATE:  06/30/2022

2                                                                   21-13449

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: June 1, 2022

For the Court: DAVID J. SMITH, Clerk of Court

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-13449

Non-Argument Calendar

_____

FRONTIER DEVELOPMENT, LLC,

                                          Plaintiff-Appellant,

*versus*

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY,

                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-20611-DPG

_____

Case 1:21-cv-20611-DPG   Document 40   Entered on FLSD Docket 07/05/2022   Page 5 of 14
USCA11 Case: 21-13449   Date Filed: 06/01/2022   Page: 2 of 9

2                        Opinion of the Court                    21-13449

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

LAGOA, Circuit Judge:

Frontier Development, LLC ("Frontier"), appeals from the district court's dismissal of its complaint against Endurance American Specialty Insurance Company ("Endurance"). Frontier asserted claims for breach of contract and for declaratory judgment against Endurance for failing to provide insurance coverage for losses and expenses Frontier incurred because of COVID-19. Frontier sought insurance coverage under the parties' "all risk" insurance agreement, which provided coverage for certain losses resulting from "direct physical loss or damage" to property.

The district court dismissed Frontier's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In so doing, the district court held that Frontier failed to plausibly allege a direct physical loss or damage to property, as required for coverage under the "all risk" insurance agreement. After careful review, and in accordance with this Court's recent decision in *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London*, 32 F.4th 1347 (11th Cir. 2022), we affirm the district court's order.

## I.   BACKGROUND

Frontier owns and leases commercial properties throughout the United States. "A significant portion of Frontier's revenue and profits are derived from" renting its commercial properties to commercial tenants.

Case 1:21-cv-20611-DPG   Document 40   Entered on FLSD Docket 07/05/2022   Page 6 of 14
USCA11 Case: 21-13449   Date Filed: 06/01/2022   Page: 3 of 9

21-13449                Opinion of the Court                3

Endurance issued an "all risk" insurance policy (the "Policy") to Frontier that "insure[d] against all risk of direct physical loss or damage to covered property," including Frontier's commercial properties. As a result of the COVID-19 pandemic, Frontier's commercial tenants were required to suspend their business operations, and Frontier "suffered loss of actual rental value." Frontier sought coverage for its losses, and for related expenses, under five provisions of the Policy. Each of the five provisions limited coverage to "direct physical loss or damage."

When Endurance failed to provide coverage to Frontier, Frontier filed a complaint against Endurance in Florida state court. In its complaint, Frontier generally alleged that Endurance was required to insure Frontier for the losses and expenses it incurred as a result of COVID-19 because COVID-19 caused direct physical loss and damage to Frontier's properties. Specifically, Frontier alleged that COVID-19 prevented Frontier from "utitliz[ing]" its properties and the "virus particles attach[ed] to, live[d] on and [were] active on inert physical surfaces." According to Frontier, the "presence of COVID-19" thereby "damage[d] the property, den[ied] access to the property, prevent[ed] employees and customers from physically occupying the property," and "caus[ed] the property to be physically uninhabitable."

Endurance removed Frontier's suit to federal court and moved to dismiss Frontier's complaint for failure to state a claim under Rule 12(b)(6). In its motion to dismiss, Endurance argued that Frontier failed to plausibly allege "direct physical loss or

4 Opinion of the Court 21-13449

damage" to Frontier's properties—as required to trigger coverage under the Policy—because "direct physical loss or damage" means a physical alteration of, or structural damage to, property.[1]

The district court granted Endurance's motion to dismiss. The district court found that the Policy's plain language limited coverage to losses caused by "some physical problem with the covered property." And the district court held that, by failing to allege that COVID-19 caused a physical problem with its properties, Frontier failed to plausibly allege that it was entitled to coverage under the Policy. This appeal followed.

## II. STANDARD OF REVIEW

We review the district court's grant of a motion to dismiss for failure to state a claim, as well as its forecast and application of Florida law, *de novo*. *SA Palm Beach*, 32 F.4th at 1356.

## III. ANALYSIS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As relevant to this appeal, to survive dismissal of its claims for breach of the Policy and for declaratory judgment that the

---

[1] Below, and on appeal, Endurance also argued that various exclusions within the Policy exclude the losses and expenses Frontier sought coverage for. But the district court did not address those arguments, and we decline to do so here.

21-13449                Opinion of the Court                       5

Policy applies, Frontier was required to plausibly allege that it was entitled to coverage under the Policy. The district court found that Frontier failed to do so because Frontier failed to plausibly allege that its losses were caused by "direct physical loss or damage" to its properties.

On appeal, the parties agree that the Policy is governed by Florida law and that the Policy only provides coverage for "direct physical loss or damage to" property. But Frontier asserts that: (1) the district court misinterpreted the phrase "direct physical loss or damage"; and (2) it sufficiently alleged that its losses were caused by "direct physical loss or damage." We consider those arguments in turn.

### A. "Direct Physical Loss or Damage"

Under Florida law, "[i]f the language used in an insurance policy is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning of the language used so as to give effect to the policy as it was written." *State Farm Mut. Auto. Ins. Co. v. Menendez*, 70 So. 3d 566, 569–70 (Fla. 2011) (quoting *Travelers Indem. Co. v. PCR Inc.*, 889 So. 2d 779, 785 (Fla. 2004)). But "[w]hen language in an insurance policy is ambiguous, a court will resolve the ambiguity in favor of the insured by adopting the reasonable interpretation of the policy's language that provides coverage." *Id.* at 570 (quoting *Travelers Indem.*, 889 So. 2d at 785–86). "Policy language is considered to be ambiguous . . . if the language 'is susceptible to more than one reasonable interpretation,

| 6 | Opinion of the Court | 21-13449 |
|---|---|---|

one providing coverage and the other limiting coverage.'" *Id.* (alteration in original) (quoting *Travelers Indem.*, 889 So. 2d at 785).

The policy language at issue here is "direct physical loss or damage" to property. That phrase is not defined in the Policy, and the Florida Supreme Court has not interpreted this language in an analogous context. But during the pendency of this appeal, this Court released its decision in *SA Palm Beach*. In *SA Palm Beach*, this Court, "[s]itting, 'in effect, as a [Florida] state court,'" addressed the plain meaning of this language in the same context—i.e., reviewing orders dismissing insureds' complaints for failing to plausibly allege direct physical losses or damages to property from COVID-19.[2] 32 F.4th at 1350 (alterations adopted) (quoting *Comm'r v. Estate of Bosch*, 387 U.S. 456, 465 (1967)). There, we held that a "direct physical loss or damage" requires "a tangible alteration of the insured propert[y]." *Id.* We also explained that, "under Florida law, an item or structure that merely needs to be cleaned has not suffered a 'loss' which is both 'direct' and 'physical.'" *Id.* at 1361 (quoting *Mama Jo's Inc. v. Sparta Ins. Co.*, 823 F. App'x 868, 879 (11th Cir. 2020)).

---

[2] Frontier asserts that its claims should not have been dismissed at the pleading stage because the Policy's terms were, at least, ambiguous. But in *SA Palm Beach* this Court found that allegations, similar to Frontier's, were insufficient to plausibly allege that insureds were entitled to coverage, at the pleading stage, because of identical language within the relevant insurance policies. *Id.* at 1357-1361.

21-13449  Opinion of the Court  7

Frontier disagrees with this interpretation. Citing to two Florida appellate court decisions—*Homeowners Choice Property & Casualty v. Maspons*, 211 So. 3d 1067 (Fla. Dist. Ct. App.3d DCA 2017), and *Azalea, Ltd. v. American States Ins. Co.*, 656 So. 2d 600 (Fla. 1st DCA 1995)—Frontier asserts that "when some physical effect causes the loss of the functionality of property, that loss of functionality counts as a physical loss under Florida law."

But *SA Palm Beach* analyzed both cases cited by Frontier and found that neither case would support Frontier's argument. This Court explained that both cases involved tangible harms to property: "*Maspons* involved . . . a physical break in the drain pipe," and *Azalea* involved "destruction of the bacteria colony which had physically become part of the [insured's] sewage treatment facility." *SA Palm Beach*, 32 F.4th at 1360. This Court therefore concluded that its interpretation—that "physical loss or damage" to property means a "tangible alteration of the property"—was "legally sound under Florida law" and supported by both *Maspons* and *Azalea*. *Id.* at 1359.

We thus find that the Policy's limitation of coverage for "direct physical loss or damage" to property means that coverage is limited to losses from "a tangible alteration of the insured properties."[3] *Id.* at 1350.

---

[3] Frontier requests, as an alternative to reversing the district court's order, that we certify the question of what "direct physical loss or damage" means to the

8 Opinion of the Court 21-13449

### B. Frontier's Allegations

Turning to Frontier's complaint, Frontier alleged that it suffered a "direct physical loss or damage" because "the COVID-19 virus was physically present" at its properties. Frontier alleged that "[t]he presence of COVID-19 . . . made Frontier unable to utilize" its properties and that "COVID-19 virus particles attach[ed] to, live[d] on[,] and [were] active on inert physical surfaces," which "damage[ed] and "den[ied] access to the property," "prevent[ed] employees and customers from physically occupying the property," and "caus[ed] the property to be physically uninhabitable."

We find that these allegations fail to plausibly allege that Frontier's losses and expenses were caused by direct physical loss or damage to property—i.e., by "a tangible alteration" of Frontier's properties—as required for coverage under the Policy, for two reasons. *SA Palm Beach*, 32 F.4th at 1350, 1358–1361. First, Frontier's conclusory assertion that COVID-19's physical presence caused direct physical loss or damage is "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. Second, Frontier did not allege that COVID-19 caused "a tangible alteration of [its] properties," and Frontier's specific factual allegations—that COVID-19 virus particles attached to physical surfaces and prevented the properties from being used—do not plausibly suggest any tangible alterations to the properties. *SA Palm Beach*, 32 F.4th at 1350. Indeed, in *SA Palm Beach*,

---

Florida Supreme Court. Because this Court has already interpreted the meaning of this language in the same context, we decline to do so.

21-13449            Opinion of the Court            9

this Court rejected a nearly identical assertion that "'coronavirus particles' caused the damage, and . . . were 'detectable on various types of surfaces'" because the "need to clean or disinfect stores to get rid of COVID-19 does not constitute direct physical loss or damage under Florida law." *Id.* at 1362.

Because Frontier failed to plausibly allege "a tangible alteration of the insured properties," the district court did not err in dismissing Frontier's complaint for failing to plausibly allege that it was entitled to coverage under the Policy.

### IV.    CONCLUSION

For the foregoing reasons, we affirm the district court's order dismissing Frontier's complaint.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 01, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-13449-DD
Case Style: Frontier Development, LLC v. Endurance American Specialty Insurance Company
District Court Docket No: 1:21-cv-20611-DPG

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Bradly Wallace Holland, DD at 404-335-6181.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs